PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIAYON KARDELL EVANS, | ) | |
| | ) | CASE NO. 4:12CV2579 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| JOE COAKLEY, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Respondent. | ) | **AND ORDER** |

## I. INTRODUCTION

On October 16, 2012, petitioner *pro se* Tiayon Kardell Evans, an inmate at the Federal Correctional Institution at Elkton ("FCI Elkton"), filed the above-captioned habeas corpus action under 28 U.S.C. § 2241. The petition indicates Mr. Evans was convicted in the United States District Court for the Eastern District of Virginia in 2005 on multiple counts of conspiracy to distribute and possess with intent to distribute heroin and cocaine base, distribution of cocaine base, distribution of heroin, and possession of a firearm in furtherance of a drug trafficking crime. He received a 240 month sentence. *See United States v. Evans*, No. 2:04-cr-00099-RAJ-1 (E.D. Va. filed May 26, 2004). As grounds for the petition, he asserts that the indictment in his case was void and that the trial court therefore lacked jurisdiction. Petitioner also asserts that a motion under 28 U.S.C. § 2255 is unavailable because that section does not permit him to bring challenges in the trial court to the legality or constitutionality of the order imprisoning him.

(4:12CV2579)

## II. LAW AND ANALYSIS

Habeas corpus petitions brought pursuant to 28 U.S.C. § 2241 address the execution of a sentence, while motions filed pursuant to 28 U.S.C. § 2255 test the validity of a judgment and sentence. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili,* 925 F.2d 889, 893 (6th Cir. 1991)). Section 2255 provides in pertinent part:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

The terms "inadequate" or "ineffective" do not mean that habeas corpus relief is available whenever a federal prisoner faces a substantive or procedural barrier to § 2255 relief, including the denial of a previously filed section 2255 motion. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Rather, the "savings clause" applies when the failure to allow some form of collateral review would raise "serious constitutional questions." *Frost v. Snyder*, 13 Fed.Appx. 243, 248 (6th Cir. 2001) (quoting *Triestman v. United States*, 124 F.3d 361, 377 (2d Cir. 1997)). The petitioner bears the burden of proving that the section 2255 remedy is inadequate or ineffective. *Charles*, 180 F.3d at 756 (citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979) (per criam)).

Despite his legal arguments to the contrary, Petitioner seeks to raise issues that could and must be raised, if anywhere, in a § 2255 motion addressed to the trial court which sentenced him.

(4:12CV2579)

The petition sets forth no reasonable suggestion of a proper basis on which to instead raise these issues pursuant 28 U.S.C. § 2241, or that "serious constitutional questions" require further consideration of his claims.

### III.  CONCLUSION

Accordingly, this action is dismissed pursuant to 28 U.S.C. §2243.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

| | |
|---|---|
| December 18, 2012 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.

3